# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE JAMISON,<br><br>            Plaintiff,<br><br>      v.<br><br>CAPELLO, et al.,<br><br>            Defendants. | Case No.  1:10-cv-01633-MJS (PC)<br><br>**ORDER (1) FINDING COGNIZABLE CLAIMS IN FIRST AMENDED COMPLAINT, (2) DISMISSING NON-COGNIZABLE CLAIMS AND DEFENDANT MOONGA, and (3) DIRECTING DEFENDANTS TO RESPOND**<br><br>**(ECF No. 12)**<br><br>**DEFENDANTS' RESPONSE TO FIRST AMENDED COMPLAINT DUE IN THIRTY DAYS** |

Plaintiff Willie Jamison is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed this action in Kern County Superior Court on April 15, 2010. Defendants removed the action it to this Court. The Court screened the complaint and found cognizable claims for excessive force against Defendant Capello and medical indifference and equal protection claims against Defendant Capello and Kuntz, but no other plausible claims. Plaintiff was ordered to proceed on the cognizable claims or file an amended pleading. Plaintiff filed the first amended complaint. It is now before the Court for screening.

## I.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

## III.  PLAINTIFF'S ALLEGATIONS

Plaintiff, an African American, wheelchair-bound paraplegic, is currently incarcerated at the California Health Care Facility in Stockton California. He was housed at Kern Valley State Prison (KVSP) during 2009 when this action arose. He complains that Defendants Capello and Kuntz, both KVSP Correctional Officers, used excessive force against him during a medical transport and refused him treatment for resulting injuries because of his race and disability and to retaliate against him for filing grievances and attempting to complain to their sergeant about their conduct.

More specifically, Plaintiff alleges that on July 15, 2009:

Defendant Kuntz, in Defendant Capello's presence, used racial epithets and intentionally applied overly tight handcuffs which caused pain and swelling and marks for up to 5 days. He also pushed Plaintiff's wheelchair off a paved route of travel onto an unpaved and rough surface, in order to harass him and cause pain.

Defendant Capello ignored Plaintiff's request to cancel the medical appointment, pushed him to a secluded area, punched him on the shoulder, and caused a high speed ejection of Plaintiff (while handcuffed and in waist chains) from the wheelchair, leaving Plaintiff on the ground, bleeding and briefly unconscious.

Defendants refused Plaintiff medical assistance for 15 minutes before other staff arrived and helped Plaintiff to the medical clinic.

Defendant KVSP Nurse Moonga falsified the incident medical report and delayed follow-up care for 14 days to cover up the conduct of Capello and Kuntz.

Defendants Capello and Kuntz refused Plaintiff's requests to complain about their conduct to their sergeant.

Defendants Capello, Kuntz and Moongo conspired in the above acts which

caused Plaintiff pain and injury. He seeks money damages and declaratory relief.

## IV. THE FIRST AMENDED COMPLAINT STATES EXCESSIVE FORCE, MEDICAL INDIFFERENCE AND EQUAL PROTECTION CLAIMS AGAINST DEFENDANTS CAPELLO AND KUNTZ AND NO OTHER CLAIMS

### A. Excessive Force

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 36 (2010); Hudson v. McMillian, 503 U.S. 1, 8–9 (1992). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was an "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001).

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6–7. The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley v. Albers, 475 U.S. 312, 321 (1976).

#### 1. Defendant Kuntz

Plaintiff's complaint of over-tight handcuffs and diversion of his wheelchair over a rough surface suggest at most de minimis force and de minimis harm, too slight to show excessive force. Cortez v. McCauley, 478 F.3d 1108, 1129, (10th Cir. 2007). "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson at 9–10.

Plaintiff does not state excessive force against Defendant Kuntz. Plaintiff was advised of the deficiencies in this claim in the prior screening order. His failure to correct is reason to conclude he cannot do so. Leave to amend the excessive force claim

against Defendant Kuntz is denied.

### 2. Defendant Capello

Plaintiff's complaint Capello punched him and forcibly ejected him from his wheelchair, without provocation, justification, or institutional necessity, but instead for sadistic amusement, demonstrates excessive force for screening purposes.

Plaintiff states an excessive force claim against Defendant Capello.

### B. Medical Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's alleged temporary loss of consciousness and painful head bleed following ejection from his wheelchair present serious medical conditions satisfying the first prong of medical indifference. See McGuckin, 974 F.2d at 1059–60.

### 1. Defendants Kuntz and Capello

The allegation Capello and Kuntz refused to respond to Plaintiff's serious condition and requests for assistance is sufficient on screening to satisfy the second prong of a deliberate indifference claim against Capello and Kuntz. A complete failure to respond to medical need demonstrates deliberate indifference. Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).

Plaintiff states a medical indifference claim against Defendants Kuntz and Capello.

2.  Defendant Moonga

Plaintiff's contention Defendant Moonga delayed follow-up care of Plaintiff's alleged injuries does not show indifference. Plaintiff does not explain the nature of and circumstances surrounding delay, why he believes the delay was intentional, how Moonga was aware of the need for follow-up care and responsible for the delay, see e.g., Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference), and how the delay harmed Plaintiff, if at all. See McGuckin, 974 F.2d at 1060 (the prisoner must show that the delay led to further injury). A merely negligent delay does not support a medical indifference claim. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06.

Plaintiff does not state medical indifference against Defendant Moonga. Plaintiff was advised of the deficiencies in this claim in the prior screening order. Accordingly, leave to amend the medical indifference claim against Defendant Moonga is denied.

**C.  Equal Protection**

A Fourteenth Amendment discrimination claim requires Plaintiff show he was intentionally discriminated against because of his race, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005), or that he was treated differently (disparately) from those similar to him for no valid purpose. Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601–02, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008); Village of Willowbrook v. Olech; 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir.2008).

Plaintiff contends the adverse actions of Defendants Capello and Kuntz were the result of his being African-American. Plaintiff has alleged facts sufficient to claim relief against these Defendants for violation of his rights to equal protection.

Plaintiff states an equal protection claim against Defendants Capello and Kuntz.

### D. Retaliation[1]

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff's assertion Defendants were motivated by his protected activity is conclusory and insufficient to support a retaliation claim. There are no facts suggesting, even circumstantially, that protected conduct was a "substantial or motivating factor behind the [Defendants'] conduct." Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009), quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).

Plaintiff's prison grievances are not linked to Defendants. Defendants are not named in the grievances. Nothing suggests Defendants were aware of the grievances at relevant times. Plaintiff's July 15, 2009 oral protestations and requests to speak with Defendants' sergeant do not to rise to the level of activity protected by the First Amendment because they were not about prison conditions, related to matters of public concern or designed to effect a change in prison policy. Pearson v. Welborn, 471 F.3d 732, 740–41 (7th Cir. 2006). Generalized personal gripes typically do not warrant First Amendment protection. Id.

Plaintiff does not state a retaliation claim. Plaintiff was advised of the deficiencies in this claim in the prior screening order. His failure to correct the deficiencies reasonably suggests he can not do so. Leave to amend the retaliation claim is denied.

---

[1] Plaintiff's claim that he was denied free speech without due process is properly analyzed under the First Amendment rather than the rubric of substantive due process under the Fourteenth Amendment. County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998). Nor does Plaintiff have a claim of entitlement to a grievance procedure. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Ramirez v. Galarza, 334 F.3d 850, 860 (9th Cir. 2003).

E.  **ADA and RA**[2]

Title II of the ADA and § 504 of the RA "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794.

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To establish a violation of [§] 504 of the RA, a plaintiff must show that (1)[he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

Plaintiff complains he was denied accommodation necessary under the Armstrong Remedial Plan to safely transport him across the prison yard on the paved asphalt wheelchair route to his medical appointment.[3] Prison medical care is considered

---

[2] The ADA and RA apply to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206 (1998); see also Duffy v. Riveland, 98 F.3d 447, 453–56 (9th Cir.1996).

[3] The Armstrong Remedial Plan refers to a remedial order issued in Armstrong v. Davis, No. CV94-2307-CW, by the District Court for the Northern District of California to enjoin practices that discriminated against disabled inmates in California Prisons. See generally Armstrong v. Davis, 275 F.3d 849 (9th Cir. 2001); Armstrong v. Wilson, 124 F.3d 1019 (9th Cir.1997) (affirming order requiring submission of a remedial plan for CDCR's compliance with both the Americans with Disabilities Act, 42 U.S.C. §§ 12131-34, as well as the Rehabilitation Act of 1973, 29 U.S.C. § 749).

1  a service, program or activity covered by the ADA. Kiman v. New Hampshire Dept. of
2  Corrs., 451 F.3d 274, 284 (1st Cir. 2006), citing United States v. Georgia, 546 U.S. 151
3  (2006).

4  Plaintiff's claim relates not to the failure to provide a route of travel
5  accommodating Plaintiff's disability or intentional discrimination against Plaintiff because
6  of disability, but rather to the failure of Defendants Capello and Kuntz to follow the
7  existing Armstrong remedial plan and yard travel route.

8  Plaintiff must pursue assistance due under the Armstrong Plan "via the consent
9  decree or through class counsel." Crayton v. Terhune, No. C 98-4386 CRB(PR), 2002
10 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002). Plaintiff may not sue for damages in this
11 action solely on the basis that Defendants allegedly violated the Armstrong Remedial
12 Plan.

13 Plaintiff does not state an ADA and RA claim. Plaintiff was advised of the
14 deficiencies in this claim in the prior screening order. His failure to correct the
15 deficiencies reasonably suggests he can not do so. Leave to amend the retaliation claim
16 is denied.

17 **F.    Title 15**

18 The existence of Title 15 regulations governing the conduct of prison officials
19 does not necessarily entitle an inmate to sue civilly for their violation. The Court has
20 found no authority to support a finding of an implied private right of action under Title 15,
21 and Plaintiff has provided none. Several district court decisions hold that there is no
22 such right. See e.g., Vasquez v. Tate, 2012 WL 6738167, at *9 (E.D. Cal. December 28,
23 2012); Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012).

24 Plaintiff cites to various Title 15 violations. However, no § 1983 claim arises for
25 such violations even if they occurred. See Chappell v. Perrez, 2011 WL 2296816, *2
26 (E.D. Cal. June 8, 2011); Lamon v. Cate, 2011 WL 773046, *9 (E.D. Cal. February 28,
27 2011).

28 Plaintiff does not and can not state a claim to enforce Title 15. Amendment would

9

be futile. Leave to amend is denied.

### G. False Records

The Ninth Circuit has not found that prisoners have an independent right, grounded in the Due Process Clause, to an accurate prison record. Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 481–84 (1995). Plaintiff has not alleged facts plausibly claiming atypical and significant hardship.

The claim Defendant Moonga falsified Plaintiff's prison medical records is not independently actionable. Plaintiff does not and can not state a claim based solely upon false records. Amendment would be futile. Leave to amend is denied.

### H. Conspiracy

To state a claim for conspiracy under § 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). Conspiracy under § 1983 merely provides a mechanism by which to plead or prove a constitutional violation or statutory violation. Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980).

Plaintiff complains Defendants conspired to violate his rights. However, the facts alleged do not suggest an agreement or common objective among Defendants to deprive Plaintiff of constitutional rights. "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin, 312 F.3d at 441, quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989). A pro se complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights will not withstand a motion to dismiss. Zemsky v. City of New York, 821 F.2d 148, 151 (2d Cir. 1987).

Plaintiff does not allege facts of Defendants' conspiracy to violate his rights. Plaintiff was advised of the deficiencies in this claim in the prior screening order. His failure to correct the deficiencies reasonably suggests he can not do so. Leave to amend the conspiracy claim is denied.

## V.   CONCLUSIONS AND ORDER

For the reasons stated above, the Court finds the first amended complaint states excessive force claim against Defendant Capello, and deliberate indifference and equal protection against Defendants Capello and Kuntz, but no other claim.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff should proceed on the first amended complaint claims of excessive force against Defendant Capello, and deliberate indifference and equal protection against Defendants Capello and Kuntz,
2. All other claims asserted in the first amended complaint and Defendant Moonga are dismissed with prejudice, and
3. Defendants' response to the first amended complaint shall be due thirty days following service of this order.

IT IS SO ORDERED.

Dated:   November 23, 2013           /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

11

12