UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE JAMISON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. CAPELLO, et al.,<br><br>　　　　Defendants. | Case No.  1:10-cv-01633-LJO-MJS (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 30)**<br><br>**NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

　　　　Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 28 U.S.C. § 1983. (ECF No. 2.) The action proceeds against Defendant Capello on Plaintiff's excessive force claim, and against Defendants Capello and Kuntz on Plaintiff's deliberate indifference and equal protection claims. (ECF No. 16.)

　　　　On November 20, 2014, Defendants filed a motion for summary judgment. (ECF No. 30.)

　　　　Plaintiff has not filed an opposition or statement of non-opposition to Defendants'

1  motion, and the time for doing so has passed. Local Rule 230(*l*). The Court will give
2  Plaintiff one further opportunity to respond to the motion: <u>Plaintiff must file an opposition
3  or a statement of non-opposition to Defendants' motion for summary judgment within
4  twenty-one (21) days from the date of service of this Order.</u>

5        Pursuant to <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012), <u>Rand v. Rowland</u>,
6  154 F.3d 952 (9th Cir. 1998), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988),
7  the Court hereby notifies Plaintiff of the following rights and requirements for opposing
8  the motion:

9  1.    Unless otherwise ordered, all motions for summary judgment are briefed
10 pursuant to Local Rule 230(*l*).

11 2.    Plaintiff is required to file an opposition or a statement of non-opposition to
12 Defendants' motion for summary judgment. Local Rule 230(*l*). If Plaintiff fails to file an
13 opposition or a statement of non-opposition to the motion, this action may be dismissed,
14 with prejudice, for failure to prosecute. The opposition or statement of non-opposition
15 must be filed not more twenty one (21) days from the date of service of this order. <u>Id.</u>

16 3.    A motion for summary judgment is a request for judgment without trial, and in
17 favor of Defendant, on some or all of Plaintiff's claims. Fed. R. Civ. P. 56(a).
18 Defendants' motion sets forth the facts which he contends are not reasonably subject to
19 dispute and that entitle him to judgment as a matter of law. Fed. R. Civ. P. 56(c). This is
20 called the statement of undisputed facts. Local Rule 260(a).

21       Plaintiff has the right to oppose the motion for summary judgment. To oppose the
22 motion, Plaintiff must show proof of his claims. Plaintiff may agree with the facts set
23 forth in Defendants' motion but argue that Defendants are not entitled to judgment as a
24 matter of law. In the alternative, if Plaintiff does not agree with the facts set forth in
25 Defendants' motion, he may show that Defendants' facts are disputed in one or more of
26 the following ways: (1) Plaintiff may rely upon statements made under the penalty of
27 perjury in the complaint or the opposition if (a) the complaint or opposition shows that
28 Plaintiff has personal knowledge of the matters stated and (b) Plaintiff calls to the

1  Court's attention those parts of the complaint or opposition upon which Plaintiff relies;
2  (2) Plaintiff may serve and file declarations setting forth the facts which Plaintiff believes
3  prove his claims;[1] (3) Plaintiff may rely upon written records but Plaintiff must prove that
4  the records are what he claims they are;[2] or (4) Plaintiff may rely upon all or any part of
5  the transcript of one or more depositions, answers to interrogatories, or admissions
6  obtained in this proceeding. Should Plaintiff fail to contradict Defendants' motion with
7  declarations or other evidence, Defendants' evidence will be taken as truth, and final
8  judgment may be entered without a full trial. Fed. R. Civ. P. 56(e).

9  In opposing Defendants' motion for summary judgment, Local Rule 260(b)
10 requires Plaintiff to reproduce Defendants' itemized facts in the statement of undisputed
11 facts and admit those facts which are undisputed and deny those which are disputed. If
12 Plaintiff disputes (denies) a fact, Plaintiff must cite to the evidence used to support that
13 denial (e.g., pleading, declaration, deposition, interrogatory answer, admission, or other
14 document). Local Rule 260(b).

15 4.  If discovery has not yet been opened or if discovery is still open and Plaintiff is
16 not yet able to present facts to justify the opposition to the motion, the Court will
17 consider a request to postpone consideration of Defendants' motion. Fed. R. Civ. P.
18 56(d). Any request to postpone consideration of Defendants' motion for summary
19 judgment must include the following: (1) a declaration setting forth the specific facts
20 Plaintiff hopes to elicit from further discovery, (2) a showing that the facts exist, and (3)
21 a showing that the facts are essential to opposing the motion for summary judgment.
22 <u>Blough v. Holland Realty, Inc.</u>, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009); <u>Tatum v. City</u>
23 <u>and County of San Francisco</u>, 441 F.3d 1090, 1100-01 (9th Cir. 2006); <u>State of</u>

---

[1] A declaration is a written statement setting forth facts (1) which are admissible in evidence, (2) which are based on the personal knowledge of the person giving the statement, and (3) to which the person giving the statement is competent to testify. 28 U.S.C. § 1746; Fed. R. Civ. P. 56(c)(4). A declaration must be dated and signed under penalty of perjury as follows: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746.

[2] Sworn or certified copies of all papers referred to in the declaration must be included and served on the opposing party. Fed. R. Civ. P. 56(c).

California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998). The request to postpone the motion for summary judgment must identify what information is sought and how it would preclude summary judgment. Blough, 574 F.3d at 1091 n.5; Tatum, 441 F.3d at 1100-01; Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998); Local Rule 260(b).

5.      Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.

6.      The failure of any party to comply with this Order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including but not limited to dismissal of the action or entry of default.

Based on the foregoing, Plaintiff is HEREBY ORDERED to file an opposition or statement of non-opposition to Defendants' motion for summary judgment within twenty-one (21) days of the service of this order. If Plaintiff fails to file an opposition or statement of non-opposition within twenty-one days, the Court will recommend that the action be dismissed, with prejudice, for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   January 6, 2015                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE